UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
STEPHEN BROWN,

                              Plaintiff,

                  -against-

Detective SUSIE PERALTA, Shield No. 3331; Detective MICHAEL ROBBERT, Shield No. 64691; Detective EVAGELOS DIMITRIKAS, Shield No. 1793; Detective ANDREW DUGUID, Shield No. 568; Detective JOEL POLICHRON, Shield No. 4640; Detective PETER HOEFLINGER, Shield No. 3870; Sergeant ALAN LAM, Shield No. 632; Sergeant XAVIER CRANDELL, Shield No. 3056, UC# 92; UC# 226; UC# 115; and JOHN and JANE DOES 1 through 4, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

**11 CV 6074 (NGG)(SMG)**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

1

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Stephen Brown ("plaintiff" or "Mr. Brown") is a resident of Kings County in the City and State of New York.

7. Defendant Detective Susie Peralta, Shield No. 3331 ("Peralta"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Peralta is sued in her individual and official capacities.

8. Defendant Detective Michael Robbert, Shield No. 64691 ("Robbert"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Robbert is sued in his individual and official capacities.

9. Defendant Detective Evagelos Dimitrikas, Shield No. 1793 ("Dimitrikas"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dimitrikas is sued in his individual and official capacities.

10. Defendant Detective Andrew Duguid, Shield No. 568 ("Duguid"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Duguid is sued in his individual and official capacities.

11. Defendant Detective Joel Polichron, Shield No. 4640 ("Polichron"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Polichron is sued in his individual and official capacities.

12. Defendant Detective Peter Hoeflinger, Shield No. 3870 ("Hoeflinger"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hoeflinger is sued in his individual and official capacities.

13. Defendant Sergeant Alan Lam, Shield No. 632 ("Lam"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lam is sued in his individual and official capacities.

14. Defendant Sergeant Xavier Crandell, Shield No. 3056 ("Crandell"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Crandell is sued in his individual and official capacities.

15. Defendant UC# 92 ("UC# 92"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant UC# 92 is sued in his individual and official capacities.

16. Defendant UC# 226 ("UC# 226"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant UC# 226 is sued in his individual and official capacities.

17. Defendant UC# 115 ("UC# 115"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant UC# 115 is sued in his individual and official capacities.

18. At all times relevant defendants John and Jane Doe 1 through 4 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 4.

19. At all times relevant herein, defendants John and Jane Doe 1 through 4 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 4 are sued in their individual and official capacities.

20. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

21. At approximately 8:45 p.m. on March 9, 2011, plaintiff was lawfully present at his brother's apartment at 1280 St. John's Place in Brooklyn, New York

with three other individuals.

22. Plaintiff heard a group of officers approach the door, knock and announce they were from the Fire Department.

23. Plaintiff responded that there was no fire at the apartment.

24. Suddenly, the officers kicked in the door with their guns drawn.

25. One of the officers shoved his gun in plaintiff's face and yelled: "Don't say shit!"

26. The officers placed everyone in handcuffs and began to search the residence.

27. There were no drugs or other contraband in the apartment.

28. Plaintiff was then arrested.

29. The officers took plaintiff to the 73rd precinct.

30. About 5 hours later plaintiff was taken to Brooklyn Central Booking.

31. The officers falsely accused plaintiff of selling drugs to undercover officers on that day and fabricated paperwork and evidence to that effect.

32. In the early morning of March 10, 2011, plaintiff was arraigned in Kings County Criminal Court.

33. Plaintiff was falsely charged with Criminal Sale of a Controlled Substance.

34. Bail was set in the amount of $2,500.

35. Since Plaintiff was unable to pay that bail amount, he was transported to Rikers Island.

36. Plaintiff was finally released from Rikers Island on the evening of March 11, 2011, approximately 48 hours after his arrest.

37. Plaintiff continued to appear in court until August 24, 2011, when the criminal charges were dismissed.

38. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### Malicious Prosecution

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

6

43. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

44. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

45. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendants created false evidence against plaintiff.

48. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

49. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
**Failure To Intervene**

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:  April 3, 2012
        New York, New York

                        HARVIS MARINELLI
                        SALEEM & WRIGHT LLP

                        Gabriel P. Harvis
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        gharvis@hmswlaw.com

                        *Attorney for plaintiff*